Battle, J.
 

 The 8éth section of the 81st chapter of the Revised Code, which was originally taken from the act oí’
 
 1797,
 
 (ch.
 
 4/15,
 
 sec. 2, of the Revised Code of 18-20,) declares that “ in all cases of joint obligations or assumptions of co-partners in trade or others, suits may be brought and prosecuted on the same against all or any number of the persons making such obligations, assumptions, or agreements.” According, then, to the express terms of this enactment, one of two or more joint obligors or partners may be-sued alone, and, of course, the declaration, in the action, may be so drawn as to be supported by the proof, which must necessarily be offered. In the present ease no formal declaration was filed, and, ao
 
 *30
 
 cording to the general understanding of the profession, the plaintiff is to be taken to have relied upon one suited to his case as established by his testimony.
 

 The objection, then, that there was upon the trial a variance between the proof and the declaration, is not well founded. From the copy of the instrument, upon which the suit was brought, it appears that it was signed and sealed by Bebden, but only signed by the defendant’s intestate, Palmer. There can be no doubt that one partner may bind himself by a seal, if he intended to do so, though he cannot so bind the firm, unless he has authority, under seal, for that purpose;
 
 Fisher
 
 v. Pender, 7 Jones’ Rep. 483;
 
 Flliott
 
 v.
 
 Davis,
 
 2 Bos. and Pul. 338.
 

 It is equally clear, we think, that if an instrument be signed and sealed by one partner, and signed only by another, it will be the deed of the first, and the simple contract only of the second. See
 
 Green
 
 v. Thornton, 4 Jones 230. There is no more inconsistency in such a case, than there is in holding that an executory agreement between two persorls if sealed by one, and only signed by the other, will be the covenant of the first party, and the simple contract of the second. The latter case is well settled, and upon a breach of the agreement, one of the parties would have to be sued in an action of covenant and the other in assumpsit;
 
 Yarbrough
 
 v.
 
 Monday,
 
 3 Dev. 420;
 
 Kent
 
 v.
 
 Robinson,
 
 4 Jones 529; 1 Chit. Pl. 119.
 

 Per Curiam,
 

 Judgment affirmed.